# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal Action No. 5:08-cr-40 (HL) |
| : | |
| **BROOKS E. BLITCH, III,** : | |
| : | |
| Defendant. : | |

# ORDER

This matter is before the Court on the Motion to Dismiss Counts Thirteen and Fourteen of the Indictment (Doc. 76) of Defendant Brooks E. Blitch, III. After consideration of the briefs, the Court grants the Motion, as more fully stated herein.

## I.   INTRODUCTION

Defendant, Brooks E. Blitch, III, was indicted along with four others following an investigation into wrongdoing by various officials within the Alapaha Judicial Circuit. At the time of the indictment, Blitch was a superior court judge in the Circuit. In the nineteen-count indictment, Blitch alone is charged in counts thirteen and fourteen with the offense of retaliation against a witness in violation of 18 U.S.C. § 1513(e). He moves in this Motion for dismissal of both counts, contending the Government has failed to state a prosecutable offense.

## II.   CONTENTIONS OF THE PARTIES

Counts thirteen and fourteen of the indictment allege that Blitch, in his capacity as

a superior court judge within the Alapaha Judicial Circuit retaliated against WB who, in his capacity as a Special Agent of the Georgia Bureau of Investigation ("GBI"), assisted in the investigation, prosecution and conviction of Blitch's son, Brooks E. Blitch, IV, for insurance fraud related to the arson of Blitch Ford. Blitch allegedly also retaliated against WB because of his role in the investigation and prosecution of two South Georgia sheriffs for the cultivation and distribution of marijuana. According to the indictment, WB sought employment with local law enforcement offices in two cities located in the Alapaha Judicial Circuit: Nashville, Georgia, and Adel, Georgia. Blitch allegedly contacted officials in each of these cities to urge them not to hire WB, specifically because of his role in the investigations. Specifically, counts thirteen and fourteen allege that Blitch

> did knowingly, with intent to retaliate, take any action harmful to any person, including interference with the lawful employment and livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any federal offense.

(Indictment at 72, 73.) Count thirteen relates to Blitch's conduct with regard to WB's attempt to gain employment in Adel, Georgia. Count fourteen relates to Blitch's conduct with regard to WB's attempt to gain employment in Nashville, Georgia.

In moving to dismiss counts thirteen and fourteen, Blitch offers several arguments. He contends that the phrase "interference with the lawful employment or livelihood of any person," contained in the statute, does not extend to negative commentary on the merits of an applicant for employment. He also argues that the statute does not apply to the factual allegations set forth in the indictment. Additionally, Blitch contends the

2

Government is attempting to criminalize a citizen's criticism of the performance by a public official of his official duties, in violation of rights guaranteed under the First Amendment.[1]

The Government argues that § 1513 was intended to broaden the type of conduct made criminal by the Victim-Witness Protection Act of 1982. The Government also argues that because the statements identified in the indictment went beyond mere opinion, but were instead statements of intent to retaliate, they are criminal in nature and not protected by the First Amendment.

### III. CONCLUSIONS OF LAW

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a district court to hear, any time the case is pending, a claim that the indictment fails to state an offense. Blitch has moved under this provision, contending counts thirteen and fourteen fail to state a crime.

"An indictment fails to state an offense if the specific facts alleged in it 'fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007) (quoting United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002)). The Supreme Court of the United States, noting that federal crimes "are solely creatures of statute" has offered the following to guide courts "when assessing the reach of a federal criminal statute": "[W]e must pay close heed to language, legislative history, and purpose in order strictly to determine the scope of the

---

[1] Because the Court agrees with Blitch that the statute does not apply to the factual allegations set forth in the indictment, the Court will not address the First Amendment argument.

3

conduct the enactment forbids.  Due respect for the prerogatives of Congress in defining federal crimes prompts restraint in this area, where we typically find a 'narrow interpretation' appropriate." Dowling v. United States, 473 U.S. 207, 213, 105 S. Ct. 3127, 3131 (1985).  Consistent with the decision in Dowling, therefore, the Court will first consider the language of the statute.

Section 1513 of Title 18 of the United States Code is titled "Retaliating against a witness, victim, or an informant," and is set out in the "Obstruction of Justice" section of the Code.  Section 1513 has several subsections.  At issue here is § 1513(e), which provides:

> Whoever knowingly, with intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C.A. § 1513(e) (West Supp. 2008).  The Government contends certain actions taken by Bitch with respect to the former Special Agent of the GBI were in violation of this provision.

As originally enacted, § 1513 was part of the Victim and Witness Protection Act of 1982. Pub. L. No. 97-291, 96 Stat. 1250. The intent of § 1513 was to strengthen the existing legal protections for victims and witnesses of federal crimes.  S. Rep. 97-532, at 9 (1982), as reprinted in 1982 U.S.C.C.A.N. 2515, 2515.  However, the specific provision at issue here, § 1513(e), was not enacted until 2002, when it was adopted as part of the

Sarbanes-Oxley Act of 2002.  Pub. L. No. 107-204, § 1107, 116 Stat. 745.  Section 1107, entitled "Retaliation against informants," which amended § 1513 to add the language at issue here, was part of Title XI of the Act, entitled "Corporate Fraud Accountability." Review of the text and legislative history of the Act makes clear that it was enacted to address the corporate culture of silence that was revealed to Congress in the wake of the collapse of Enron and similar scandals.  Review also makes clear that the overriding purpose of the legislation was to protect corporate employees who report wrongdoing within their corporations and to insure that corporate wrongdoing is brought to light.  The Government's application of § 1513(e) in the context of this case, is far removed from the purpose of the statute.

Moreover, the Government's application of § 1513(e) here is not consistent with the language of the statute, independent of its legislative history.  Initially, the statute speaks broadly of "any action" harmful "to any person."  18 U.S.C.A. § 1513(e).  However, the broad language is modified to limit "any action" to an action taken against any person "for providing to a law enforcement officer any truthful information" about a possible federal offense.  Id.  The statute is intended to protect from retaliation the private citizen who comes forward to provide law enforcement with information about a federal crime; the statute is not intended to protect the law enforcement officer who receives the information from the private citizen, and whose job it is to investigate the offense.

In view of the history and purpose of § 1513(e), as a statute intended to protect employees who undertake to provide law enforcement officials with information about

5

possible criminal offenses, and given the plain language of the statute as prohibiting "interference with the lawful employment or livelihood of any person," the Court finds that the statute encompasses attempts to prevent an individual from obtaining future employment.  However, the Court finds that generally the law enforcement officer who investigated a particular crime is not a witness, victim, or informant who is intended to be protected by the statute.[2]

At best, the statute is ambiguous about whether allegedly retaliatory conduct against the law enforcement officer who collects the information about the crime is intended to be criminalized by the statute. One reading of the statute–the one adopted by this Court–is that it provides protection from retaliation only to those citizens who provide information relating to a federal offense to a law enforcement officer.  That limitation necessarily excludes the law enforcement officer who received the information.  Another reading of the statute–the one taken by the Government by pursuing the indictment–would include the law enforcement officer who received the information as a person protected from retaliation.[3]  "[W]hen choice has to be made between two readings of what conduct

---

[2] One could envision a situation in which a law enforcement officer is also the person intended to be protected from retaliation.  For example, a law enforcement officer who becomes aware of wrongdoing in his own agency and reports the same to another law enforcement officer, and who is later fired for having provided the information might then be a person protected by the statute.  However, in these circumstances, he would be acting as a private citizen advising law enforcement about criminal activities, and not acting as the recipient of the information.  Of course, there are no such factual allegations made here.

[3] One could, perhaps, argue that a law enforcement officer who receives information relating to the commission of a federal offense, and who then imparts that information to yet another law enforcement officer, is then a person "providing to a law enforcement officer any

6

Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." Dowling, 473 U.S. at 214, 105 S. Ct. at 3131 (internal quotations omitted).  Because it is not clear to the satisfaction of this Court that Congress intended to make the conduct alleged here criminal under § 1513(e), the Court finds counts thirteen and fourteen fail to state an offense.

## IV.    CONCLUSION

The court finds that retaliatory action addressed to future employment is contemplated by the statute.  However, it is not clear to the Court that a law enforcement officer who receives the information and who later is the victim of retaliatory conduct is a victim intended to be protected by § 1513(e).  As a result, the Court finds that there is ambiguity as to whether the conduct alleged in counts thirteen and fourteen is criminal under § 1513(e). Therefore, the Court finds that counts thirteen and fourteen fail to state an offense.  The Motion to Dismiss Counts Thirteen and Fourteen of the Indictment (Doc. 76) is granted.

**SO ORDERED**, this the 15th day of December, 2008.

*s/  Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls

---

truthful information relating to the commission . . . of any Federal offense."  However, the indictment contains no such allegations.  Therefore, the Court need not consider whether the statute was intended to encompass such a situation.

7