IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| BROOKS E. BLITCH, III, | : Criminal Action No. |
| | : 5:08-CR-40(HL) |
| Defendant. | : |
| | : |
| | : |

# ORDER

Before the Court are Defendant Brooks E. Blitch, III's Motion to Dismiss Counts One, Nine, and Eighteen, or, in the Alternative, Motion to Strike (Doc. 137), Motion for Bill of Particulars (Doc. 64), and Motion for Coconspirators' Hearsay Exceptions (Doc. 71). For the following reasons, Defendant's Motion to Dismiss is granted in part and denied in part. The Court reserves ruling until the close of the Government's case on Blitch's request to strike the terms "personal loyalty" and "other intangible benefits" from Count One. Count Nine is dismissed only to the extent that it charges Blitch with conspiring to devise a fraudulent scheme to obtain monies. Count Eighteen is not dismissed. Defendant's Motion for Bill of Particulars is denied. Defendant's Motion for Coconspirators' Hearsay Exceptions is denied.

I.   BACKGROUND

Defendant Brooks E. Blitch, III is a former superior court judge in the Alapaha

1

Judicial Circuit, which is located in South Georgia.  Following a lengthy federal investigation into allegations of official corruption in the Alapaha Circuit, Blitch and several Codefendants were indicted for various offenses ranging from honest services and mail fraud conspiracy to aiding and abetting a convicted felon in the possession of a firearm.

In the Motion to Dismiss that is presently before the Court, Blitch seeks dismissal of Counts One, Nine, and Eighteen.  Count One charges Blitch with the offense of honest services and mail fraud conspiracy.  The essence of that charge is that Blitch conspired to create sham government jobs for his friends, Berrien and Lisa Sutton, to help them get out of debt, as well as to discharge Blitch's obligation to Berrien Sutton for attorney's fees which had accrued over several years.  Count One charges that these jobs were "unneeded" and that the Suttons received "compensation far beyond the value of the limited services they rendered" in the positions Blitch created.  (Indict. 8.)  In the "Manner and Means" and "Overt Acts" sections of Count One, the Indictment alleges that in return for his actions, Blitch received from the Suttons "personal loyalty, free legal services and other intangible benefits."  (Id. 7.)  In moving to dismiss Count One, Blitch contends that the terms and phrases "unneeded," "beyond the fair value of the limited services rendered," "personal loyalty," and "other intangible benefits" are unconstitutionally vague, and thus Count One should be dismissed.  In the alternative, he requests that these terms be stricken from the Indictment.

Count Nine charges Blitch and Codefendant Hayward Collier with honest services and mail fraud conspiracy. Count Nine alleges that Collier received money and other consideration in exchange for introducing persons to Blitch and that these persons were seeking inappropriate judicial assistance in ex parte meetings with Blitch. The Indictment charges that this conspiracy had two objects: first, to obtain monies of the taxpayers of the State of Georgia by fraud and false pretenses; and second, to deprive the citizens of the State of Georgia of their intangible right to his honest services. Blitch moves to dismiss Count Nine because it fails to state an offense that he and Collier conspired to obtain any monies from taxpayers.

Finally, Count Eighteen charges that Blitch aided and abetted a convicted felon in the possession of a firearm. The convicted felon is identified in the Indictment by his initials, WHW. The basis for this aiding and abetting charge is that "Blitch personally told WHW that he did not object to WHW, a convicted murderer, having guns for hunting and that the sheriff agreed with him." (Indict. 77.) Blitch contends that this Count should be dismissed because the charged conduct does not constitute aiding and abetting.

Blitch has also filed a Motion for Bill of Particulars and a Motion for Coconspirators' Hearsay Exceptions. In the Motion for Bill of Particulars, Blitch seeks bills of particulars for various paragraphs of the Indictment. Many of these issues have been resolved by mutual agreement of the parties; however, there remains for the Court's resolution two requests. The first seeks a particularization

of the free legal services that Blitch allegedly received from the Suttons. The second seeks an identification of the "other intangible benefits" referenced in Count One.

In his Motion for Coconspirators' Hearsay Exceptions, Blitch seeks production of all statements that the Government intends to introduce at trial as statements of a coconspirator under Federal Rule of Evidence 801(d)(2)(E). The Government opposes this request, contending that those statements are not discoverable under Federal Rule of Criminal Procedure 16.

## II. DISCUSSION

### A. MOTION TO DISMISS

#### 1. COUNT ONE

Count One charges a dual object conspiracy. It charges that Blitch and the Suttons conspired to devise a scheme (1) to deprive the taxpayers of the State of Georgia of monies and (2) to deprive the citizens of the State of their right to the Coconspirators' honest services. The essential basis of this charge is that Blitch agreed to create unneeded positions for the Suttons as a personal financial favor to help them get out of debt. Because the positions were unneeded, Blitch allegedly authorized compensation to the Suttons that was "far beyond the fair value of the limited services they rendered." In return for his actions, Blitch allegedly received personal loyalty, free legal services, and other intangible benefits.

Blitch has moved to dismiss Count One in its entirety. First, he contends that the honest services fraud portion of Count One cannot stand because the terms

"personal loyalty" and "other intangible benefits" are too vague to satisfy the personal gain element of an honest services charge. In the alternative, he contends that these terms should be stricken from the Indictment. Second, Blitch argues that Count One does not adequately allege a conspiracy to defraud the public of monies because the phrase "beyond the fair value of the limited services they rendered" is unconstitutionally vague. The Court will address each of Blitch's arguments in turn.

### a. Honest Services Object

The fundamental premise of Blitch's argument about the honest services object of the conspiracy charge is that the statute requires the prosecution to prove that the public official whose conduct is at issue made official decisions for personal gain. To satisfy this personal gain element, Blitch seems to contend that the prosecution must prove that the official obtained some tangible benefit, such as money. Assuming this to be true, however, Count One is not subject to dismissal on this basis because it does allege that Blitch received a tangible benefit in the form of free legal services. Thus, even under Blitch's theory about the required elements of an honest services charge, Count One adequately charges a violation of the statute. As a result, to remedy the inclusion of the allegedly vague terms in Count One, an outright dismissal would not be appropriate. The proper remedy, if any, would be to strike the terms.

A motion to strike prejudicial language from an indictment should only be granted if "'it is clear that the allegations are not relevant to the charge and are

5

inflammatory and prejudicial.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992). "[I]t is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language." Id.

Here, the Court finds that at the conclusion of the Government's case it will be in a better position to determine the relevance of the allegedly surplus language. As a result, the Court reserves ruling on Blitch's request to strike until the close of the Government's case.

### b. Money Object

Blitch argues that the portion of Count One that charges him with conspiring to defraud the public of monies is insufficient to state an offense because it defines the monies as the compensation the Suttons received that was "far beyond the fair value of the limited services they rendered." According to Blitch, the phrase "far beyond the fair value of the limited services they rendered" is too imperceptible a standard to serve as the basis for this charge, and thus, this portion of the conspiracy charge should be dismissed. In the alternative, he requests that this term be stricken.

When considering challenges to an indictment, courts should "'give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations.'" United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir. 2003) (quoting United States v. Gold, 743 F.2d 800, 812 (11th Cir.

1984)). The indictment should be construed as a whole. United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984).

Here, when viewing Count One as a whole, the inescapable conclusion is that the challenged phrase is not unconstitutionally vague. The Government has not charged, as Blitch seems to imply, that Blitch committed a federal offense by authorizing compensation for people who did not work hard enough or who did not produce an acceptable work product. The allegation is that Blitch agreed to create unnecessary government jobs for his friends, the Suttons, to help them get out of debt and to discharge his debt for legal services to Berrien Sutton. The "beyond the fair value of services" phrase refers to the compensation the Suttons received as compensation in their sham jobs. There is nothing vague about this allegation. Accordingly, Blitch's Motion to Dismiss Count One on this basis is denied. Likewise, his request that this language be stricken from Count One is denied.

### 2. COUNT NINE

Count Nine, like Count One, charges a dual object conspiracy. Count Nine alleges that Blitch and Codefendant Hayward Collier conspired "to obtain and attempt to obtain monies of the taxpayers of the State of Georgia by fraud and false pretenses and to divert and attempt to divert these monies for the personal benefit of the conspirators and to deprive and attempt to deprive the citizens of the State of Georgia of the honest services of the co-conspirators." (Indictment at 25.) In moving for dismissal, Blitch argues that this Count fails to adequately allege a conspiracy

to defraud the taxpayers of the State of Georgia of monies. Blitch apparently takes no issue with the second object of the conspiracy–that is, the conspiracy to deprive the public of its intangible right to his honest services. Nevertheless, he contends that because the Indictment is insufficient as to one object of the conspiracy, all of Count Nine must be dismissed.

In a January 12, 2009, Order (Doc. 218) ruling on Codefendant Collier's Motion to Dismiss, this Court addressed the same argument that Blitch now raises. In that Order, this Court concluded that Count Nine fails to allege an offense for conspiracy to defraud the public of monies. See United States v. Collier, No. 5:08-cr-40, 2009 WL 88383 (M.D. Ga. Jan. 12, 2009). Thus, this Court dismissed Count Nine only to the extent that it sought to charge Collier and others with a conspiracy to obtain monies by false and fraudulent pretenses. Insofar as Count Nine charged Collier and others with conspiring to commit honest services fraud, the Court held that the Indictment was proper. Likewise, in this case, Count Nine is dismissed only to the extent that it seeks to charge Blitch with conspiring to defraud the public of monies. Count Nine is proper to the extent that it charges Blitch with conspiring to deprive the public of his honest services.

### 3. COUNT EIGHTEEN

Count Eighteen charges Blitch with aiding and abetting a convicted felon in the possession of a firearm. The basis for this charge is that Blitch allegedly told WHW "that he did not object to WHW, a convicted murderer, having guns for hunting and

that the sheriff agreed with him." (Indict. at 77.) Blitch argues that the offense of aiding and abetting requires an allegation that the defendant provided some sort of assistance to the principal in furtherance of the underlying offense. Thus, simply telling a convicted felon that he does not object to him owning a firearm does not constitute aiding and abetting. In response, the Government argues that Blitch's conduct constituted aiding and abetting because Blitch counseled and advised WHW to possess a firearm.

Pursuant to Federal Rule of Criminal Procedure 12(b), a defendant may file a motion to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b). In ruling on a motion to dismiss, the district court is limited to reviewing the face of the indictment. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004). It is well-established that "'[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence....'" Id. (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Although a district court is not permitted to go beyond the face of the indictment in ruling on a Rule 12(b) motion to dismiss, a court must dismiss an indictment if it fails to allege facts that constitute an offense. See, e.g., United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983). Thus, at this stage this Court must dismiss Count Eighteen if it fails to allege a violation of the aiding and abetting statute. See United States v. Cure, 804 F.2d 625, 627 (11th Cir. 1986). The aiding and abetting statute provides that "[w]hoever commits an offense against the United

States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2

Here, the Court finds that Count Eighteen adequately charges the offense of aiding and abetting a convicted felon in the possession of a firearm because a jury could reasonably could find that the charged conduct in this case, if proven, constitutes a violation of the aiding and abetting statute. The aiding and abetting statute prohibits not only providing material assistance to someone in furtherance of a federal offense, but it also prohibits counseling, commanding, or inducing someone to commit an offense. See 18 U.S.C. § 2. In essence, Count Eighteen charges that WHW sought Blitch's permission to own firearms because WHW was prohibited from possessing firearms as a convicted felon. Blitch, whose permission was apparently sought because of his official role as a Superior Court Judge, gave WHW the permission he sought by stating that he could own firearms to hunt. WHW then possessed firearms. Based on Blitch's role as a judge and WHW affirmatively seeking out his permission to own firearms, a jury could reasonably find that Blitch counseled or induced WHW to possess firearms. Blitch's Motion to Dismiss this Count is denied.

### B.   MOTION FOR BILL OF PARTICULARS

There are two requests for bills of particulars that remain for resolution. The first seeks a particularization of the free legal services that Blitch allegedly received from the Suttons. The second seeks an identification of the "other intangible

benefits" referenced in Count One.

A court may direct the government to file a bill of particulars (1) to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable the defendant to plead double jeopardy in the event of later prosecution for the same offense. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). However, the purpose of a bill of particulars is not to enable generalized discovery. United States v. Colson, 662 F.2d 1389 (11th Cir. 1981). Nor is the purpose of a bill of particulars to compel the government to provide a detailed script of its case. A court must direct the bill only as to essential information, not as to information that would be simply helpful to the defendant. Cole, 755 F.2d at 760; see also United States v. Mitlof, 165 F. Supp.2d 558, 569 (S.D.N.Y. 2001). Furthermore, where the information sought has already been supplied, or is otherwise available, the defendant will be able to prepare adequately for trial and will not be prejudiced. See United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (defendant had access to the relevant materials and tape recordings several weeks in advance of trial, and thus defendant was not prejudiced by nondisclosure). The Government is not required to provide the defendant with the "essential facts regarding the existence and formation of a conspiracy." Id. Thus, the Government is not required to provide the defendant with every overt act that might be proven at trial. Id. Nor is the government required to preview its case for the defendant or to expose the legal

theory on which its case rests. United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). The defendant has the burden to show, by brief or otherwise, that nondisclosure would likely "lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." United States v. Thevis, 474 F. Supp. 117, 124 (N.D. Ga. 1979).

Here, the information Blitch requests is essentially the evidentiary details that underlie some of the allegations in Count One. It is not the purpose of a bill of particulars to require the Government to provide all the evidentiary details and legal theories of its case; the purpose is to provide the defendant with information essential to his defense. Blitch has failed to persuade the Court that the information he seeks meets this standard. The allegations in Count One are sufficient to inform Blitch of the charges against him, to minimize surprise at trial, and to allow him to plead double jeopardy in a later prosecution for the same offense. As a result, his Motion for Bill of Particulars is denied.

### C.     MOTION FOR COCONSPIRATORS' STATEMENTS

Last, Blitch moves under Federal Rule of Criminal Procedure 16(a)(1)(A) and (B) for the production of all statements that the Government intends to introduce at trial as statements of a coconspirator under Rule 801(d)(2)(E). Rule 16(a)(1)(A) provides for mandatory disclosure of all statements made by a defendant to a known government agent while being interrogated, and Rule 16(a)(1)(B) provides for production of any written or recorded statements of the defendant. According to

Blitch, statements of a coconspirator are not treated as hearsay because the statements are deemed attributable to the defendant under an agency theory. Thus, Blitch argues that under Rule 16(a)(1), he is entitled to all coconspirator statements because the statements are essentially his own. This Circuit has flatly rejected this argument. See United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987). The statements Blitch seeks are covered by the Court's Pretrial Order and the Jencks Act, and given the Government's assurances that it will produce any such statements in accordance with the Pretrial Order, Blitch's Motion is denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. The Court reserves ruling until the close of the Government's case on Blitch's request to strike the terms "personal loyalty" and "other intangible benefits" from Count One. Count Nine is dismissed only to the extent that it charges Blitch with conspiring to devise a fraudulent scheme to obtain monies. Count Eighteen is not dismissed. Defendant's Motion for Bill of Particulars is denied. Defendant's Motion for Coconspirators' Hearsay Exceptions is denied.

**SO ORDERED**, this the 9th day of April, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc