IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON AND VALDOSTA DIVISIONS

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No. 5:08-cr-40 (HL) |
| BROOKS BLITCH, : | |
| : | |
| Defendant. : | |
| _____ : | |

## RECOMMENDATION ON MOTION TO VACATE

On September 11, 2009, Petitioner Brooks Blitch entered a plea of guilty to Count Nine of a nineteen-count indictment.[1] Count Nine alleged a conspiracy to commit honest services fraud in violation of 18 U.S.C. § 1346. Blitch was sentenced on December 1, 2009, to serve a term of three years probation and to pay a fine of $100,000. On June 24, 2010, the United States Supreme Court issued its opinion in the case of Skilling v. United States, 130 S.Ct. 2896 (2010), in which the Court limited the scope of the honest services fraud statute. In light of the holding in Skilling, Blitch has moved to vacate his sentence under the provisions of 28 U.S.C. § 2255.

The Supreme Court's holding in Skilling requires this Court to vacate Blitch's sentence. In Skilling the Court held that the honest services fraud statute applies only to bribery and kickback schemes. Because of vagueness concerns, the statute cannot be applied to prosecute self-dealing by a public official with a financial conflict of interest. The Government concedes that the facts alleged in Count Nine of the Indictment in this case do not involve bribery or kickbacks. Instead, Count Nine alleges that Blitch, in his capacity as a Superior Court Judge, engaged in *ex parte* communications with attorneys, litigants, and friends or family members of litigants, and entered

---

[1] Blitch was not charged in Counts Twelve, Fifteen, and Sixteen of the Indictment.

orders or took official action on behalf of those parties without appropriate process. There is no allegation in Count Nine or in the factual basis for the plea agreement to show that Blitch received any compensation for taking such actions. Accordingly, IT IS RECOMMENDED that Blitch's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 397) be **GRANTED**.

In light of the Eleventh Circuit's holding in Mamone v. United States, 559 F.3d 1209 (11th Cir. 2009), it is not clear that Section 2255 authorizes collateral relief for noncustodial punishments such as fines. In this case, however, Blitch may obtain redress of the noncustodial aspects of his sentence through a writ of error *coram nobis*. The Eleventh Circuit has held that *coram nobis* is available in cases where a defendant is convicted based on a guilty plea to charges that do not constitute a crime. United States v. Peter, 310 F.3d 709 (11th Cir. 2002). In Peter, after the defendant had completed his sentence, the Supreme Court entered an opinion that "established that the conduct with which [the defendant] was charged is not proscribed by the statute he was convicted of violating." Id. at 710. Because the defendant was no longer in custody, he was not entitled to relief under Section 2255. The court held, nevertheless, that the defendant was entitled to *coram nobis* relief because the district court did not have jurisdiction to accept a plea to conduct that did not constitute a crime under the statute charged. Such jurisdictional error "is by its nature of such a 'fundamental character' as to render proceedings 'irregular and invalid' . . . and *coram nobis* relief affords a procedural vehicle through which such error may be corrected." Id. at 715 (quoting United States v. Morgan, 346 U.S. 502, 509 n. 2 (1954)).

The error in this case is essentially identical to the jurisdictional error in Peter. After Blitch's conviction, the Supreme Court issued an opinion establishing that the conduct for which Blitch was convicted did not constitute a crime under the statutes charged in the Indictment. Where there was

no federal crime alleged, this Court had no jurisdiction to impose a sentence in the case, and that error should be corrected not only as to the custodial aspects of the sentence, but also as to the financial penalties imposed. Accordingly, IT IS FURTHER RECOMMENDED that Blitch's motion to vacate be construed as a motion for writ of *coram nobis,* as it applies to the noncustodial aspects of Blitch's sentence, and that the writ be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of November, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge